IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANNIE GEORGE, Individually
And BOBBY GEORGE, Husband and
Wife,

    Plaintiffs,

vs.                                                                   No.

THE UNITED STATES OF AMERICA;

    Defendant.

**COMPLAINT FOR MEDICAL NEGLIGENCE**
**[Arising under the Federal Tort Claims Act]**

Plaintiffs, by and through their undersigned attorney, and for their complaint against Defendant, state and allege:

**I.   PARTIES**

1.  This is a medical negligence action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA") and New Mexico medical negligence law for medical negligence resulting in the permanent injures to Frannie George and to the consortium of Plaintiffs Frannie and Bobbie George. Plaintiffs claim that at all times material the negligence complained of herein occurred at the Gallup Indian Medical Center ["GIMC"], Gallup, New Mexico operated by the United States of America through the Department of Health and Human Services, as an Indian Health Services medical facility located in Gallup, New Mexico.

2. Plaintiffs Frannie and Bobby George are enrolled members of the Navajo Nation, a federally recognized tribe of Indians, and are residents of McKinley County, State of New Mexico.

3. Defendant UNITED STATES OF AMERICA ["United States"], through its agents, employees, and through the Department of Health & Human Services, Public Health Service, and Indian Health Service, all federal agencies, at all times hereinafter mentioned, did and now does, operate a hospital entitled the Gallup Indian Medical Center in Gallup, New Mexico, where claims of negligence arose. The United States employed medical professionals at the GIMC for surgical care and treatment of Navajo patients. The United States is vicariously liable for the acts and omissions of its physicians, agents, including but not limited to, Francisca Lytle, M.D., Andre P. Edmonds, M.D., Solon Rosenblatt, M.D., Shabbar Hussain, M.D., and Stephen D. Waite, M.D. At all times material, Dr. Lytle, Dr. Edmonds, Dr. Rosenblatt, Dr. Hussain and Dr. Waite were federal employees employed as physicians at the Gallup Indian Medical Center.

11. The claims for which Plaintiffs sue herein arose from the acts and omissions of Defendants as alleged herein all occurred within the State of New Mexico.

12. If the Defendant United States was a private person, it would be liable to Plaintiffs in accordance with the laws of the State of New Mexico.

13. On June 22, 2017, within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States Department of Health and Human Services, Public Health Service/Indian Health Service, pursuant to 28 U.S.C. §2675(a). Said agencies have failed to make a final

disposition of Plaintiffs' claims within six months of presentation to Defendant. Plaintiffs deems such failure to be a denial of their claims as provided by the FTCA.

14. To serve the predominately Native American population of Northern Arizona and Western New Mexico, the United States Public Health Service/Indian Health Service (hereinafter "PHS/IHS") operates and maintains the GIMC where medical services are provided to qualifying members of the Native American community.

## II. JURISDICTION

15. This is an action against the Defendant United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et. seq.* (hereinafter the "FTCA") for medical negligence resulting in Plaintiffs' damages. This court has original and exclusive jurisdiction over the Defendant United States. This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. §1346(b) and the amount in controversy, excluding costs, attorney fees, or punitive damages, exceeds $75,000.00.

## III. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 15 as though fully recited at length herein.

17. On July 14, 2015, Mrs. George was involved in a motor vehicle accident. She was taken by ambulance to Gallup Indian Medical Center (GIMC).

18. Mrs. George suffered a closed fracture to her right tibia and fibula. She was taken to the operating room by Francisca Lytle, MD and A. Edmonds, MD.

19. She had an open reduction and internal fixation of the right tibial shaft fracture with an intra-medullary rod with cerclage wires and a plate placed into her leg.

20. While performing this operation, Dr. Lytle and Dr. Edmonds breached the standard of care when they nailed the tibia in valgus position.

21. This failure to properly nail the tibia created an increased risk of both short term and long term failure for the repair.

22. The x-rays taken on January 13, 2016 reveal a non-union of the right tibia with the hardware in place. The progress note comments, "that the hardware may be causing the delay in healing of the fracture".

23. On February 2, 2016, Mrs. George was returned to the operating room to replace the rod that was previously inserted due to the fact that the rod was too long. A fibular bone graft was taken and placed in the tibia at that time.

24. Mrs. George continued to have problems with the right leg. On June 23, 2017 she had surgery by Rick Gehlert, MD and Samer Kakish, MD for reconstruction of the right tibial.

25. Mrs. George continues to have pain, her right leg is shorter than her left and she has developed pain in her left hip in an attempt to compensate for the care provided initially to her right tibial fracture.

26. As a direct and proximate result of Defendant's negligence, Plaintiffs have experienced past, present, and future pain and suffering, ongoing medical bills, loss of income and income opportunity, permanent impairment and disfigurement, loss of consortium, hedonic damages, and other damages to be proven at trial.

## COUNT I

### MEDICAL NEGLIGENCE AGAINST DEFENDANT THE UNITED STATES OF AMERICA

27. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 26 as though fully recited at length herein.

28. At all times material hereto, the relationship of medical provider-patient existed between Frannie George and the physicians at the GIMC, and other treating physicians and medical personnel.

29. Pursuant to the provision of the Federal Tort Claims Act, Defendant United States of America is liable for the negligent acts, omission, and errors of its employees or agents acting with in the scope of their duties, as well as liable for any and all independent contractors who may be employed and under the control and direction of Defendant at its medical facilities.

30. At all times pertinent hereto, and as to all acts alleged herein, the physicians and other medical providers and personnel were employees or agents of Defendant, acting within the scope of their duties, and otherwise acting with the full knowledge and consent of Defendant.

31. Defendant and its employees were negligent as follows:

A. The rod that was inserted during the July 14, 2015 operation was too long;

B. Defendant failed to recognize the shift of the rod and the screw; and

C. Defendant failed to recognize the increased valgus angulation at the fracture site.

31. Defendant is therefore vicariously liable for the negligent acts of the physicians at the GIMC and other medical personnel as alleged herein.

5

32. Defendant owed the decedent the duty to provide medical care of a nature and quality that was appropriate for a patient such as Frannie George.

33. In treating and caring for Frannie George, Defendant failed to exercise ordinary care, and this failure proximately resulted in the injuries to Frannie George. Among other things, Defendant's employees at GIMC, whose conduct Defendant is liable for, were negligent, without limitation, in the following regards:

A. Failure to possess and apply the knowledge, skill, and care of a reasonably well qualified practitioner under similar circumstances;

B. Failure to use reasonable care when performing examinations, care, and treatment of Frannie George;

34. As a direct and proximate result of Defendant's negligence, Plaintiffs have experienced past, present, and future pain and suffering, ongoing medical bills, loss of income and income opportunity, permanent impairment and disfigurement, loss of consortium, hedonic damages, and other damages to be proven at trial.

## COUNT II

## VICARIOUS LIABILITY

35. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 34 as though fully recited at length herein

36. Plaintiffs claim that the negligence of the Defendant is based on the doctrine of vicarious liability for the acts and failures to act of the federal employees employed at the GIMC.

37. As a direct and proximate result of Defendant's negligence, Plaintiffs have experienced past, present, and future pain and suffering, ongoing medical bills, loss of

income and income opportunity, permanent impairment and disfigurement, loss of consortium, hedonic damages, and other damages to be proven at trial.

WHEREFORE, Plaintiffs pray for an award of damages jointly and severally against Defendant sufficient to fully compensate Plaintiffs for all the injuries and damages described herein, for pre and post judgment interest, for taxable costs, and for such other further relief as the Court may deem proper.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

*Electronically signed and filed 4/30/18*
By: Theodore W. Barudin
7900 Menaul Blvd NE
Albuquerque NM  87110-4606
(505) 332-1800
tbarudin@barudinlaw.com

And

Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle, Suite 200
Atlanta, Georgia
Telephone:  (404) 845-0012
rik@kaplanlegal.com