# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANNIE GEORGE, Individually
And BOBBY GEORGE, Husband and Wife,

      Plaintiffs,

vs.                        No. 1:18-cv-00403 MV/SCY

THE UNITED STATES OF AMERICA,

      Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on August 10, 2018, and

was attended by:

| | |
|---|---|
| Theodore W. Barudin | Ronald I. Kaplan, MD, JD |
| BARUDIN LAW FIRM, P.C. | KAPLAN & LUKOWSKI, LLP |
| 7900 Menaul Blvd. NE | 333 Sandy Springs Circle |
| Albuquerque, New Mexico 87110 | Suite 200 |
| (505) 332-1800 | Atlanta, Georgia 30328 |
| tbarudin@barudinlaw.com | 404-845-0012 |
| | rik@kaplanlegal.com |

Roberto D. Ortega
Assistant United States Attorney
United States Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
505-346-7282
Roberto.Ortega@usdoj.gov

## NATURE OF THE CASE

This is a medical malpractice claim arising under the Federal Tort Claims Act (FTCA)

against the United States of America for the alleged medical malpractice at the Gallup Indian

Medical Center, Gallup, New Mexico. It is alleged that the medical providers subject to these

claims were federal employees at all times material.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiffs intends to file**: Plaintiffs do not anticipate amending the pleadings, but reserves the rights to do so should additional parties be revealed in discovery.

Plaintiff(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**Defendant United States of America intends to file**:  Defendant does not anticipate amending the pleadings at this time, but reserves the right to do so if necessary.

## STIPULATIONS

The parties stipulate to the following facts:

1.   Venue is proper in the district court.

2.   Plaintiffs have exhausted their administrative remedies as required under the FTCA.

The parties further stipulate and agree that the law governing this case is: The law of New Mexico and the Federal Tort Claims Act.

## PLAINTIFFS' CONTENTIONS

Plaintiffs contend that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

On July 13, 2015 at approximately 10:30 p.m., Mrs. George was in a motor vehicle collision and was transported to the Gallup Indian Medical Center emergency room by ambulance. Mrs. George suffered a closed fracture to her right tibia and fibula.

On July 14, 2015, Mrs. George was taken to the operating room by Francisca Lytle, MD, and Andre Edmonds, MD, where she underwent an open-reduction internal fixation of a right tibial shaft fracture with an intra-medullary rod, cerclage wires and a 4 hole plate. Dr. Lytle nailed the tibia in

2

valgus position. She was discharged home on July 22, 2015 in a boot on crutches and partial weight-bearing.

Mrs. George continued to have problems with right leg pain. On October 5, 2015, it was recommended she utilize a bone stimulator after x-rays revealed fracture gaps of several millimeters.  Dr. Lytle felt that the bone was healing.  She was placed on partial weight-bearing with a walker.

On November 17, 2015, she complained of pain along the outside of her right lower leg and the leg "turning sideways". She was instructed to continue ambulating with a walker and weight-bear with a fracture brace in place. She received her bone stimulator three days later.

The January 13, 2016 note by Solon Rosenblatt, MD indicated that there was a non-union of the right tibia and that the hardware may be causing the delay in the healing of the fracture.

Due to continued pain in the tibia and the development of a non-union, Mrs. George was then returned to the Gallup Indian Medical Center operating room for hardware removal on February 2, 2016, by Dr. Rosenblatt. Intraoperative imaging of the right tibia revealed a medullary rod in place within the distal tibia traversing the fracture site. Dr. Rosenblatt noted that "the previous rod was too long". He exchanged the intramedullary rodding and performed autologous bone grafting by taking bone from the fibula and a fibular osteotomy. This bone graft destabilized the fibula and caused loss of support in the leg.

Nine (9) months later, on November 9, 2016, Mrs. George underwent a third operative procedure, this time by Shabbar Hussain, MD, at Gallup Indian Medical Center, for exploration and debridement of non-union and bone grafting of the right proximal tibia.

Mrs. George returned to the clinic on February 10, 2017.  At that time she presented with a significant valgus deformity that was causing her pain.

3

Dr. Hussain took Mrs. George back to the operating room on March 22, 2017 for removal of hardware in the right tibia as the proximal screw had broken and caused an obstruction . Dr. Hussain noted that the pain was due to the "placement of the rod to rod was placed very inferiorly. End Rodd [sic] is locked".

Mrs. George continued to have problems with the right leg and ultimately underwent reconstruction of a right flail tibia non-union with intramedullary nail by Rick Gehlert, MD, at University of New Mexico Hospital on June 23, 2017. This was her fifth surgical procedure.

During the original procedure of July 14, 2015, the tibia was nailed in valgus. Eventually one screw either broke or became bent. The proximal screw was not perpendicular and therefore the rod was not in the proper location. While performing this operation, Dr. Lytle and Dr. Edmonds breached the standard of care when they nailed the tibia in valgus position. This failure to properly nail the tibia created an increased risk of both short-term and long-term failure for the repair.

The Gallup Indian Medical Center physicians breached the standard of care when:

a. The rod that was inserted during the July 14, 2015 operation was too long;
b. They failed to recognize the shift of the rod and the screw; and
c. They failed to recognize the increased valgus angulation at the fracture site.

Mrs. George continues to have pain, her right leg is shorter than her left and she has developed pain in her left hip in an attempt to compensate for the care provided initially to her right tibial fracture. As a direct and proximate result of Defendant's negligence, Plaintiffs have experienced past, present, and future pain and suffering, ongoing medical bills, loss of income and income opportunity, permanent impairment and disfigurement, loss of consortium, hedonic damages, and other damages to be proven at trial.

## DEFENDANT'S CONTENTIONS

Defendant United States of America contends that its employees at Gallup Indian Medical Center who treated Plaintiff Frannie George ("Plaintiff") possessed and applied the

4

knowledge and used the skill and care ordinarily used by reasonably well qualified hospitals, clinics and physicians in the care of Plaintiff.  Defendant further contends that none of its employees acted negligently in caring for Plaintiff, nor did any employee of Defendant cause the alleged harms, injuries, or damage to Plaintiff.  The United States further contends that to the extent that Plaintiffs allege that any negligent acts were performed by any non-employee personnel, the United States is not liable for their actions under the Federal Tort Claims Act.

     Defendant also asserts the following affirmative defenses:

1. To the extent that any of Plaintiffs' claims were not the subject of an administrative tort claim, this Court lacks jurisdiction over those claims.  28 U.S.C. §2675(a).

2. Recovery is limited to the amount of the administrative claim under 28 U.S.C. § 2675(b), 28 U.S.C. § 1346(b).

3. Plaintiffs are not entitled to pre-judgment interest or punitive damages against the United States under 28 U.S.C. § 2674.

4. Plaintiffs' attorney may not recover attorney fees in excess of 25% should Plaintiffs prevail under 28 U.S.C. § 2678.

5. Plaintiffs are not entitled to an award of costs except as provided by 28 U.S.C. § 2412.

6. Plaintiffs are not entitled to trial by jury against the United States under 28 U.S.C. § 2402.

7. In the event the Court finds the United States liable and it enters a monetary judgment against the United States, the Plaintiffs are entitled to post-judgment interest only to the extent and subject to conditions provided by law.

8. To the extent damages are awarded to Plaintiffs, the United States, asserts its entitlement, if any, to any allowable credits or offsets or any benefits paid to Plaintiffs by any agency of the United States.

9. The injuries or damages, or both, alleged in the complaint were not proximately caused by a negligent act or omission of any employee of the United States or deemed employee of the United States, pursuant to 25 U.S.C. § 450f(d), acting within the scope and course of employment.

10. Defendant and its agents, employees, and representatives exercised due care at all times and in all matters alleged in the Complaint, and no act or failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss by Plaintiffs.

11. The United States reserves the right to raise additional defenses that become apparent through the factual development of the case.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

**1.     Plaintiffs intend to call the following witnesses to testify at the time of trial:**

|    | Name and Address | Subject Matter of Testimony |
|----|------------------|-----------------------------|
| a. | Frannie George<br>c/o Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Frannie George has knowledge and information regarding the circumstances of what transpired before and after the injuries which are the subject matter of this lawsuit. This witness has knowledge and information regarding how this incident affected her life. |
| b. | Bobby George<br>c/o Barudin Law Firm, P.C.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Bobby George has knowledge and information regarding the circumstances of what transpired before and after the injuries which are the subject matter of this lawsuit. This witness has knowledge and information regarding how this incident affected Ms. George and his life. |
| c. | Employees of University of New Mexico Hospital<br>2211 Lomas Blvd. NE<br>Albuquerque, NM  87102<br>(505) 272-2211<br>Dr. Rick Gehlert | The personnel of University of New Mexico Hospital will testify as to the injuries sustained by Ms. George and the treatment provided by various medical staff at University of New Mexico Hospital. |

| f. | Employees of Defendant United States of America, including but not limited to: Gallup Indian Medical Center and Crownpoint Healthcare Facility: Esperanza Sanchez, MD (ER) Jack Fralinger, MD Francisca V. Lytle, MD Andre P. Edmonds, MD Solon L. Rosenblatt, MD Shabbar Hussain, MD Maxime Coles Darius S. Yorichi, DO (UC) Devin Glasses, PA-C Robert W. Leach, DO (ER) Stephen D. Waite, MD, JD (ER) **c/o** Roberto D. Ortega Assistant United States Attorney United States Attorney's Office District of New Mexico Post Office Box 167 Albuquerque, NM  87103 | The medical personnel of Crownpoint Healthcare Facility and the Gallup Indian Medical Center will testify as to the injuries sustained by Frannie George and the treatment provided by various medical staff at these Indian Health Services Facilities |
| g. | Family of Frannie George Barudin Law Firm c/o 7900 Menaul Blvd. NE Albuquerque, NM  87110 | The family of the George family will testify as to how this affected the life of Frannie George and Bobby George. |

h.      Plaintiffs may call any other witness identified through discovery;

i.      Plaintiffs may call any other witness as identified by Defendant including all

expert witnesses;

j.      Plaintiffs may call any other witness as identified by Defendant including all

expert witnesses and any rebuttal witnesses as may be required;

k.      Any treating physicians and/or healthcare providers for the Plaintiffs not listed

herein whose testimony is deemed necessary as discovery continues;

l.      Any person whose deposition is taken in the course of discovery;

m.      Any fact witness designated by any other party herein;

n.      Any other person whose testimony may be necessary based upon discovery or investigation;

o.      Any person identified as a person with knowledge of facts or who may be listed as potential witnesses in the Initial Disclosures of any other party or in any discovery responses or depositions taken in this case by any party;

p.      Foundation witnesses as may be necessary to authenticate and to establish admissibility of any documents and other exhibits including, but not limited to, medical records and billing custodians.

2.      **Plaintiffs intends to call the following expert witnesses to testify at the time of trial:**

a.      This disclosure will be timely filed per order of the Court.

3.      **Defendant United States intends to call the following witnesses to testify at the time of trial:**

a.      It is anticipated these GIMC physicians and contract physicians will testify regarding the medical care and treatment rendered to Plaintiff, Frannie George:

Francisca Lytle, M.D.
Shabbar Husssain, M.D.
Jack Fralinger, M.D
Herbert Gonzales, M.D.
Andre Edmonds, M.D. (GIMC contractor)
Solon Rosenblatt, M.D. (GIMC contractor)
Stephen Waite, M.D. (GIMC contractor)

c/o Sherry Killingsworth
Gallup Indian Medical Center
P.O. Box 1337
Gallup, NM  87305
505-722-1000

b.      It is anticipated that Dr. Gehlert and other UNM physicians or providers will testify regarding the medical care and treatment rendered to Plaintiff, Frannie George:

Rick Gehlert, M.D.
UNM Hospital
2211 Lomas Blvd. NE

Albuquerque, NM  87102
(505) 272-2211

c.   Any and all witnesses listed by Plaintiff;

d.   Any witnesses identified by the parties in the discovery process;

e.   Any rebuttal witnesses identified by Defendant during the course of discovery and trial.

4.      **Defendant United States intends to call the following expert witnesses to testify at the time of trial:**   Defendant has not identified an expert witnesses at this point but will do so pursuant to the Scheduling Order entered by the Court.

5.      **Plaintiffs intends to use the following exhibits to be used at trial:**

a.      Any and all of Plaintiff Frannie George's medical records and billing;

b.      Power Point presentations or other similar demonstrative evidence;

c..     Photos of the George family;

d.      Any exhibit(s) identified by Defendant;

e.      Any and all audio or video recordings which may be identified throughout discovery;

f.      Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert  witnesses;

g.      Any and all other material which any expert may rely upon in support of their opinion(s) in this case;

h.      Any other exhibit(s) that may be identified through discovery;

i.      Any rebuttal witnesses as may be required;

j.      Any other pleadings pertinent to the case.

6.      **Defendant United States of America may seek to introduce the following exhibits to be used at trial:**

a.   Frannie George's medical records from Gallup Indian Medical Center;

b.   Frannie George's radiological studies and records from Gallup Indian Medical
Center;

c.   Frannie George's medical records from UNM Hospital;

d.   Frannie George's radiological studies and records from UNM Hospital;

e.   Any and all other material which any expert may rely upon in support of their
opinion(s) in this case;

f.   Any and all journals, treatises, articles or other authoritative resources which may be
referenced or relied upon by treating physicians or expert witnesses;

g.   Any exhibits or other documents identified in discovery;

h.   Any exhibits or other documents identified or offered by Plaintiffs.


Discovery will be needed on the following subjects:  Liability and Damages.

Maximum of twenty-five (25) interrogatories by each party to any other party.  (Responses
due 30 days after service).

Maximum of twenty-five (25) requests for admission by each party to any other party.
(Response due 30 days after service).

Maximum of twenty (20) depositions by all parties hereto.

Each deposition (other than of expert witnesses) limited to maximum of four (4) hours
unless extended by agreement of parties.

Reports from retained experts under Rule 26(a) (2) due:

from Plaintiff(s) by:   _____

from Defendant(s) by:   _____

Supplementation and rebuttal under Rule 26(e) due as required or authorized by the Federal
Rules of Civil Procedure.

All discovery commenced in time to be complete by _____.

Other Items: None.

## **PRETRIAL MOTIONS**

**Plaintiffs intends to file**: Any discovery motions as may be required, motion(s) for summary judgment, motion(s) in limine, motion(s) to compel.

**Defendant United States of America intends to file**:  Any discovery motions as may be required, motion(s) to dismiss and/or for summary judgment, motion(s) in limine, *Daubert* motion(s).

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require 2-3 days.

__X__ This is a non-jury case (Federal Tort Claims Act)

__\_\_ This is a jury case (As to other defendants)

The parties request a pretrial conference in _____.

## **SETTLEMENT**

The possibility of settlement in this case is considered: Cannot be evaluated prior to the close of discovery. However, the parties agree that settlement may be enhanced by use of the following alternative dispute resolution procedure: private mediation.

## **EXCEPTIONS**

Plaintiffs assert that any and all contractors are deemed federal employees for purposes of invoking the Federal Torts Claims Act.

APPROVED WITH EXCEPTIONS


*/s/ Theodore W. Barudin*_____          */s/ Roberto D. Ortega*_____
Theodore W. Barudin                              Roberto D. Ortega,
                                                 Assistant U.S. Attorney
Ronald I. Kaplan, MD, JD                         *Attorney  for Defendant USA*
*Attorneys  for Plaintiffs*

11